UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRY KERR, *et al.*,<br><br>    Plaintiffs,<br>    v.<br>NORTHERN NEVADA FAMILY DENTAL, *et al.*,<br><br>    Defendants. | Case No. 3:23-cv-00418-ART-CLB<br><br>ORDER |

Plaintiffs Terry and Dennis Kerr bring this action against Defendants Northern Nevada Family Dental (NNFD), Pinnacle Medical Group, Prominence Healthfirst, Allstate Financial Services, Bonneville County Recorder, PHH Mortgage Corporation, and Aldridge Pite, LLP.[1] They assert seven causes of action centered around the foreclosure of their Idaho homes and an alleged attempt to murder Terry Kerr by injecting him with COVID-19 and pneumonia. Before the Court are seven motions to dismiss, filed or joined by each of the seven defendants, and a motion to strike, filed by Defendant Pinnacle Medical Group. For the reasons identified below, the Court dismisses Plaintiffs' federal claims with prejudice. It dismisses Plaintiffs' state claims without prejudice, for lack of jurisdiction. The Court denies Pinnacle's motion to strike as moot.

**I.    BACKGROUND**

Plaintiffs allege a conspiracy by all Defendants and spearheaded by the Mormon Church, whom Plaintiffs refer to in their complaint as the "Latter Day Satens."[2] (*See, e.g.,* ECF No. 1 at 4.) The broad goal of the conspiracy is to "kill and destroy the Kerrs." (*Id.* at 7.) Plaintiffs allege that the Mormon Church paid each Defendant to pursue this goal, which resulted both in attempted murder

---

[1] Some of these Defendants have been misnamed in the Complaint. (*See, e.g.,* ECF No. 31 at 1.) This order uses Defendants' proper names, as the Court understands them.
[2] Plaintiffs do not assert claims against the Mormon Church.

1

and in the theft of the Kerr's Idaho homes.

The facts alleged in the Complaint involve allegations of defamation, conspiracy to commit murder, real estate theft, nonpayment of insurance and insurance fraud, and various constitutional claims. Plaintiffs allege both diversity and federal question jurisdiction. (*Id.* at 1.) In support of diversity jurisdiction, they allege that "Plaintiffs live in Reno, Nevada, and the Defendants Live in Reno, Nevada, Florida, and California." (*Id.* at 2.)

Plaintiffs allege that, while Terry Kerr was at a dental appointment with Defendant Northern Nevada Family Dental (NNFD), one of NNFD's dentists attempted to kill him by injecting him with COVID-19 and pneumonia. (*Id.* at 4-5.) They allege that the COVID-and-pneumonia serum was developed in a lab next to NNFD's office and that someone who presumably worked for NNFD called Terry Kerr before his appointment and told him to "be sure to make your appointment cause they have a present for you" and that "this is your lucky day." (*Id.* at 3-4.) Plaintiffs interpret these statements as both defamatory and as proof of the conspiracy to kill them. (*See id.*)

Plaintiffs allege that, at a medical appointment with Defendant Prominence Healthfirst building, Terry Kerr was told by a nurse, Krista Fink, that he "belong[ed] in a padded cell on heavy medication . . . ." (*Id.* at 5.) Plaintiffs also view this statement as defamatory and part of the Mormon Church's conspiracy.

Plaintiffs complain the Mormon Church has been paying off the DMV and Allstate insurance. (*Id.* at 8.) The DMV is not a Defendant in this case, but Allstate is. Plaintiffs specifically complain of a car accident in which Terry Kerr was involved and Allstate's refusal to cover the accident. Terry was not insured by Allstate at the time, but the other driver was. (*Id.* ("[Allstate] wrote a letter denying payment cause they . . . did determine that [their] insured was not legally responsible for the accident!").) Plaintiffs complain that Allstate asked them to make false statements about the accident to the police and denied payment when

1 they refused to do so. (*Id.*)

2 Plaintiffs complain that Defendants PHH Mortgage Services, Aldridge Pite LLP (PHH's lawyers), and the Bonneville County Recorder were involved in a conspiracy to steal their Idaho homes. They specifically allege that the County Recorder refused to honor or file notices of *lis pendans* submitted to her by Plaintiffs, which would have stalled the sale of their properties. (*See id.* at 6-7.) The only home Plaintiffs specifically identify in their complaint is their "Woodbridge Circle House" located in the "Woodbridge Subdivision." (*Id.* at 7.) In a later-filed document, they identify as part of the lawsuit a home located at 2140 Belmont Ave., Idaho Falls, Idaho 83404. (ECF No. 71.) It is unclear from the pleadings whether this is the Woodbridge Circle House.

Plaintiffs further allege that PHH Mortgage was involved in the illegal sale of their home(s). They specifically complain of a $160,000 "baloon payment" in their mortgage documents which caused them to lose their homes. (ECF No. 1 at 11.) Plaintiffs have filed legal claims challenging this transaction, and the theft of their homes, several times in the past. (*See* ECF No. 35 at 6-9.)

Plaintiffs assert the following seven claims:

(1) Unjust Enrichment;

(2) Breach of the Implied Covenant of Good Faith and Fair Dealing;

(3) "Racial Animus, Defameation of Character Belittlement, and Criminal Liable Slander";

(4) Violation of the Truth in Lending Act (15 U.S.C. §§ 1601, *et seq.*);

(5) Violation of Due Process;

(6) Violation of the Anti-Tying Provision of the Bank Holding Company Act (12 U.S.C. § 1972);

(7) Tortious Interference with Contracts.

(*Id.* at 9-12.)

These claims are brought against the following Defendants: Northern

1  Nevada Family Dental (NNFD), Pinnacle Medical Group, Prominence Healthfirst,
2  Allstate Insurance, The Bonneville County Recorder, PHH Mortgage Services,
3  Aldridge Pite LLP, and Does 1-10. (*Id.* at 1.) Plaintiffs do not indicate which claims
4  apply to which Defendants, so the Court reads their Complaint liberally to identify
5  the Defendants implicated in each claim. *Erickson v. Pardus*, 551 U.S. 89, 94
6  (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se*
7  complaint, however inartfully pleaded, must be held to less stringent standards
8  than formal pleadings drafted by lawyers.") (internal quotation marks and citation
9  omitted). While Plaintiffs refer to RICO and the Fair Debt Collections Practices
10 Act, they do not affirmatively plead them in their complaint, so the Court will not
11 address those statutes. (*See id.* at 1, 3.)

12 Defendants now bring seven motions to dismiss on grounds including
13 failure to state a claim, lack of jurisdiction, and improper service of process.
14 Defendant Pinnacle Medical Group also moves to strike certain aspects of
15 Plaintiffs' response to their motion. (ECF No. 48.)

16 **II.   DISCUSSION**

17 **A. Personal Jurisdiction**

18 Defendant Bonneville County Recorder, a public official in Idaho, moves to
19 dismiss for lack of personal jurisdiction. The Court agrees that it lacks
20 jurisdiction over the recorder and that it must dismiss all claims against her.

21 Federal courts may not hear claims against defendants over whom they
22 lack personal jurisdiction. *E.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462,
23 472 (1985). Personal jurisdiction is established in one of two ways. First, a Court
24 can maintain *general jurisdiction* over a defendant when the defendant has
25 "continuous and systematic" contacts with the state in which the court sits—in
26 this case, Nevada. When this happens, the defendant's connections to the forum
27 state are considered so strong that the court has personal jurisdiction over any
28 claim against that defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*,

4

1  466 U.S. 408, 416 (1984) (citing *International Shoe Co. v. Washington*, 326 U.S.
2  310, 320 (1945)). Most commonly, a court has general jurisdiction over a
3  defendant when she is a resident of that state in which the court sits.

4  This Court lacks general jurisdiction over the County Recorder because
5  Plaintiffs have not alleged that the County Recorder has "continuous and
6  systematic" contacts with the state of Nevada. *Id.* The County Recorder is an
7  employee of the Idaho Government, which operates in Idaho and presumably has
8  jurisdiction only over property within Idaho's borders.

9  Alternatively, a court may have *specific jurisdiction* over individual claims
10 against a defendant when the defendant's complained-of actions are sufficiently
11 connected to the forum state. There is a three-part test for determining whether
12 specific jurisdiction exists: "(1) The non-resident defendant must purposefully
13 direct his activities or consummate some transaction with the forum or resident
14 thereof; or perform some act by which he purposefully avails himself of the
15 privilege of conducting activities in the forum, thereby invoking the benefits and
16 protections of its laws; (2) the claim must be one which arises out of or relates to
17 the defendant's forum-related activities; and (3) the exercise of jurisdiction must
18 comport with fair play and substantial justice, i.e., it must be reasonable."
19 *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)
20 (internal citation omitted). "The plaintiff bears the burden of satisfying the first
21 two prongs of the test." *Id.*

22 Plaintiffs complain that the County Recorder failed to file notices of
23 *lispendens* on their Idaho homes, which resulted in the illegal sale of three homes.
24 (ECF No. 1 at 6-7.) Plaintiffs do not allege that these actions occurred in Nevada
25 or that they related to property held in Nevada. The Court therefore lacks
26 jurisdiction over any claims against the County Recorder. Those claims are
27 dismissed.

28 The Court has discretion to grant leave to amend and should freely do so

"when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). But a court may deny leave to amend if amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Here, amendment would be futile because the allegations against the County Recorder, an Idaho entity with no Nevada contacts, clearly concern two properties in Idaho. The Country Recorder further argues that any property claims against her would be time-barred and urges this Court to take judicial notice of the fact that Plaintiffs' home in the Woodbridge subdivision was foreclosed on or around February 25, 2016. A Sheriff's Certificate of Sale of the property was filed with the Bonneville County Recorder on March 1, 2016 and recorded as Instrument No. 1518764. Because this Court lacks personal jurisdiction over the County Recorder, it need not reach the question of whether any claims related to these properties is time-barred.

Accordingly, all claims against the County Recorder are dismissed without leave to amend.

### B. Federal Claims

Plaintiffs assert federal claims for "racial animus"; violation of the Truth in Lending Act; violation of Due Process; and violation of the anti-tying provision of the Bank Holding Company Act. Each of these claims is dismissed without leave to amend.

#### 1. "Racial Animus"

Plaintiffs assert a claim for "racial animus, defameation of character belittlement, and criminal liable slander." The Court interprets this as three separate claims for "racial animus," defamation, and libel. *Erickson*, 551 U.S. at 94 ("A document filed *pro se* is to be liberally construed . . . ."). It addresses only the "racial animus" claim here, since that is the only federal claim.

The Court interprets Plaintiffs' claim for "racial animus" as a claim for violation of the Fourteenth Amendment's Equal Protection Clause under 42

1  U.S.C. § 1983. *Erickson*, 551 U.S. at 94. To state a claim for violation of Equal Protection under § 1983, a plaintiff must allege state action. *See, e.g., Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982). This means that the discrimination must come from the government, or someone acting "under color of law" and not, generally, from a private person. *See id.* at 941. Here, only the Bonniville County Recorder can possibly be said to be a state actor, and she has been dismissed for lack of personal jurisdiction. The remaining defendants are private actors: specifically, private insurance companies, private medical providers, a private mortgage service, and its private attorney.

Accordingly, the Court dismisses Plaintiffs' "racial animus" claim against all remaining Defendants. Because the remaining defendants are clearly not state actors, amendment would be futile, and dismissal is with prejudice as to those defendants. *See Leadsinger, Inc.*, 512 F.3d at 532.

## 2. Violation of the Truth in Lending Act

Plaintiffs next allege that Defendants have violated the Truth in Lending Act (15 U.S. C. §§ 1601, *et seq.*). That act requires covered lenders to disclose certain information about their loans, including all charges and fees associated with those loans. *See* 12 C.F.R. § 226.17(c). Since PHH Mortgage is the only defendant alleged to have loaned Plaintiffs anything, PHH is the only Defendant against whom Plaintiffs could possibly bring this claim.

Plaintiffs' claim against PHH fails on three grounds. First, it fails under the local rules because Plaintiffs have failed to respond to PHH's motion to dismiss. Under Local Rule LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Here, Plaintiffs' failure to respond to PHH's motion to dismiss (ECF No. 35) is a sufficient basis to dismiss Plaintiffs' claim.

Second, Plaintiffs' claim is precluded under Idaho claim preclusion law. *See*

1 *Kerr v. Aldridge/Pite LLP*, Case No. 3:21-cv-00147-MMD-CLB, 2021 WL 5370234 (D. Nev. Nov. 16, 2021). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 327 (9th Cir. 1995). Under "the Full Faith and Credit Act, federal courts must give state judicial proceedings 'the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken.'" *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (quoting 28 U.S.C. § 1738) (other citations omitted). Federal courts considering the preclusive effect of a state court judgment must apply the preclusion rules of the state in which the judgment was issued—here, Idaho. *Id.*

In Idaho, claim preclusion applies when three elements are met: "(1) the original action ended in final judgment on the merits, (2) the present claim involves the same parties as the original action, and (3) the present claim arises out of the same transaction or series of transactions as the original action." *Monitor Fin., L.C. v. Wildlife Ridge Ests., LLC*, 433 P.3d 183, 188 (Idaho 2019) (citation omitted). "When the three elements are established, claim preclusion bars 'every matter offered and received to sustain or defeat the claim *but also as to every matter which might and should have been litigated* in the first suit.'" *Id.* (emphasis in original, citation omitted).

In the present case, Plaintiffs complain of "a $160,000 dollar baloon payment that the plaintiffs never knew about until after they paid the 3 required payments." (ECF No. 1 at 11.) They further complain that this payment affected their interest in a house located at 2140 Belmont Ave., Idaho Falls, ID 83404. (*Id.*; ECF No. 71 at 1.)

In 2020, Plaintiffs brought a similar complaint against PHH in the District Court of the Seventh Judicial District of the State of Idaho. (ECF No. 36 at 108, 110.) In that complaint, they challenged an identical balloon payment affecting

8

the same property.³ (*Id.*) The court dismissed their complaint on the merits. (*Id.* at 115-118.) Though Plaintiffs did not bring a claim for violation of the Truth in Lending Act in that case, they could have. *See Monitor Fin., L.C.*, 433 P.3d at 188 (claim preclusion bars "every matter which might and should have been litigated in the first suit."). Because the Idaho case involved substantially the same parties litigating the same transaction, and it resulted in a decision on the merits, the Court finds that claim preclusion bars Plaintiffs' claim. *Id.*; *see also Kerr*, 2021 WL 5370234 (finding claim preclusion on the Kerrs' Truth in Lending Act claim against PHH based on the same Idaho court decision).

Plaintiffs' claim is also precluded under the federal common law doctrine of claim preclusion. In 2021, Plaintiffs brought a federal claim against PHH for violation of the Truth in Lending Act, which the United States District Court for the District of Nevada dismissed on the merits. *Kerr*, 2021 WL 5370234. Because that case "(1) involved the same claim or cause of action . . ., (2) reached a final judgment on the merits, and (3) involved identical parties or privies," federal common law requires this Court to dismiss their claim. *Media Rights Technologies, Inc. v. Microsoft Corporation*, 922 F.3d 1014, 1021 n.6 (9th Cir. 2019) (holding that "[b]ecause the decision to be given preclusive effect was rendered by a federal court exercising federal-question jurisdiction, federal common law determines whether preclusion applies."); *Id.* at 1020-21 (providing the elements of claim preclusion under federal common law).

Because this claim is precluded, amendment would be futile. Accordingly, this claim is dismissed with prejudice against all defendants and without leave to amend.

//

---

³ Though Terry Kerr was not officially a party to that case, Dennis Kerr was. (ECF No. 36 at 115.) Because Terry Kerr attempted to join that case and was denied, the Court concludes that Terry Kerr had sufficient privity with the Plaintiffs in that case to warrant a finding of claim preclusion. (*Id.* at 118.)

9

### 3. Violation of Due Process

Plaintiffs allege that Defendants violated their Due Process rights. The Court interprets this claim as arising under 42 U.S.C. § 1983, which allows suits for constitutional violations by state actors. *Erickson*, 551 U.S. at 94; *Lugar*, 457 U.S. at 936 (acknowledging the existence of a "state-action requirement" in § 1983 claims).

The Court dismisses this claim, without leave to amend, because all claims against the County Recorder are dismissed and none of the remaining Defendants are state actors. *See* Section II.A, *supra*.

### 4. Violation of the Bank Holding Company Act's Anti-Tying Provision

Plaintiffs allege that Defendants have violated the anti-tying provision of the Bank Holding Company Act. That provision prohibits banks from "tying the availability or price of a product or service to the purchase by a customer of another product or service offered by the bank or its affiliates."[4] 12 U.S.C. § 1972.

No Defendant in this case is alleged to be a bank under the Bank Holding Company Act. 12 U.S.C. § 1971 (giving "bank" the same meaning as it has in 12 U.S.C. § 1841); 12 U.S.C. § 1841(c) (defining "bank"). Nor have Plaintiffs alleged that any Defendant has tied any two products together.

This claim is dismissed against all Defendants. Because amendment would be futile, the dismissal is with prejudice and without leave to amend.

### C. State Law Claims

Since all federal claims have been dismissed without leave to amend, the

---

[4] FEDERAL RESERVE BANK OF NEW YORK, CIRCULAR NO. 11230: ANTI-TYING PROVISIONS OF REGULATION Y PROPOSED AMENDMENT TO ADD AN EXCEPTION FOR RETAILER-AFFILIATED CREDIT CARDS (Feb. 15, 2000), https://www.newyorkfed.org/banking/circulars/11230.html#:~:text=Section%20106%20of%20the%20Bank,the%20bank%20or%20its%20affiliates. [https://web.archive.org/web/20230822063513/https://www.newyorkfed.org/banking/circulars/11230.html].

1   Court lacks jurisdiction over Plaintiffs' state law claims.

2   Federal district courts like this one are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). There are two ways a federal district court can exercise jurisdiction over a case. First, the case can present a "federal question," generally by raising a claim based on a federal cause of action. *See id*; 28 U.S.C. § 1331. Second, the case can be based in "diversity," meaning the plaintiffs and defendants are citizens of different states or countries. *See Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1332. Here, there is neither federal question jurisdiction nor diversity jurisdiction on the face of Plaintiffs' Complaint.

Federal question jurisdiction does not exist when every federal claim is "unsubstantial." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) ("The federal claim must have substance sufficient to confer subject matter jurisdiction on the court."). A federal claim is "unsubstantial" when it is "obviously without merit" or when "its unsoundness so clearly results from the previous decisions of [the Supreme] court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933). Here, Plaintiffs' federal claims are unsubstantial because they are obviously without merit, as evidenced by the above analysis and the fact that the Court dismissed all federal claims with prejudice.

Diversity jurisdiction does not exist when the parties lack "complete diversity." *Lee v. American National Insurance Company*, 260 F.3d 997, 1004-05 (9th Cir. 2001). This means that every Defendant must be a citizen of a different state than every Plaintiff. *Id.* Plaintiffs may be citizens of the same state as their co-plaintiffs, and defendants maybe citizens of the same state as their co-defendants. Here, Plaintiffs allege on page two of their Complaint that "Plaintiffs live in Reno, Nevada, and the Defendants Live in Reno, Nevada, Florida, and

11

California." (ECF No. 1 at 2.) Since at least one plaintiff and at least one defendant is a citizen of Nevada, this case lacks complete diversity.

Plaintiffs will be given leave to amend their complaint, if they think they can file a complaint in which all Defendants are diverse from all Plaintiffs. If Plaintiffs wish to maintain their claims against Nevada defendants, they must do so in state court.

### III.   CONCLUSION

It is therefore ordered that Defendants' motions to dismiss (ECF Nos. 12, 17, 21, 31, 35, 62, 63) are granted, in keeping with this order.

It is further ordered that Defendant Pinnacle Medical Group's motion to strike (ECF No. 48) is denied as moot.

It is further ordered that Plaintiffs shall have until July 22, 2024 to submit an amended complaint that includes an explanation of the Court's jurisdiction over their remaining state law claims. Any such explanation shall identify the citizenship of each Defendant and each Plaintiff. Any remaining Defendant that wishes to shall have 14 days from the date of Plaintiffs' filing to contest Plaintiffs' assertions regarding this Court's jurisdiction. If Plaintiffs fail to establish jurisdiction within the relevant time period, the Court shall dismiss any amended complaint and direct the Clerk of Court to close this case.

Dated this 20th day of June 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE